1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   EDWARD J. MOTTA,                         Case No.:  3:14-cv-03021-BEN-KSC

12                            Petitioner,
                                             **ORDER:**
13   v.
                                             **(1) ADOPTING REPORT AND**
14   JEFFREY BEARD,                           **RECOMMENDATION;**

15                            Respondent.
                                             **(2) DENYING PETITION; and**
16
                                             **(3) DENYING CERTIFICATE OF**
17                                            **APPEALABILITY**

18

19
          Petitioner Edward Motta, a California prisoner proceeding pro se, filed a Petition
20
     for Habeas Corpus pursuant to 28 U.S.C § 2254.  (Docket No. 1.)  The Magistrate Judge
21
     issued a thorough and thoughtful Report and Recommendation ("R&R") recommending
22
     habeas relief be denied.  (Docket No. 25.)  Petitioner filed Objections to the Report.
23
     (Docket No. 28.)  For the reasons stated below, the Report and Recommendation is
24
     **ADOPTED**, and the Petition is **DENIED.**
25
     / / /
26
     / / /
27
     / / /
28

                                            1

**BACKGROUND**

1

2          Petitioner was convicted of attempted murder, assault, making a criminal threat,

3    false imprisonment, resisting an officer, burglary, and battery based on three incidents

4    between Petitioner and his then-girlfriend.  He was sentenced to 75 years-to-life plus 20

5    years in state prison.

6          Petitioner appealed his conviction.  The California Court of Appeal affirmed.  He

7    then filed a petition for review in the Supreme Court of California.  That petition was

8    denied.

9          The R&R recommends that Petitioner's claims be denied.  Petitioner makes four

10   objections to the R&R.  First, he objects to the finding that he received constitutionally

11   effective representation.  Second, he objects to the Report's finding that an evidentiary

12   hearing was not necessary.  Third, Petitioner argues that the Magistrate Judge failed to

13   "independently review the record pursuant to Federal Habeas Corpus Rule 11."  Fourth,

14   he contends that the Magistrate Judge erred in finding that the trial court did not abuse its

15   discretion in denying his mid-trial request for self-representation.

**STANDARD OF REVIEW**

16

17   **I.      Report and Recommendation**

18          Where a timely objection to a report and recommendation has been filed, the

19   district court reviews *de novo* those portions of the report or specific proposed findings or

20   recommendations to which the petitioner objected.  28 U.S.C. § 636(b)(1).

21   **II.     Petition for Habeas Corpus**

22          A Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is governed by

23   the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); *see Lindh v.*

24   *Murphy*, 521 U.S. 320, 337 (1997).  AEDPA states that a habeas petition will not be

25   granted with respect to any claim adjudicated on the merits in state court proceedings

26   unless that adjudication either:  (1) resulted in a decision that was contrary to, or involved

27   an unreasonable application of, clearly established federal law, as determined by the

28   Supreme Court of the United States; or (2) resulted in a decision that was based on an

1  unreasonable determination of the facts in light of the evidence presented in the state

2  court proceeding.  28 U.S.C. § 2254(d).  A federal court engages in extraordinarily

3  deferential review of the state court's determination, and only looks to see whether the

4  state court's decision was objectively unreasonable.  *See Yarbrough v. Gentry*, 540 U.S.

5  1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).  When there is no

6  reasoned decision from the state's highest court, the court "looks through" to the

7  underlying appellate court decision.  *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991).

8      The Supreme Court has stated that a federal habeas court "may issue the writ under

9  the 'contrary to' clause if the state court applies a rule different from the governing law

10  set forth in our cases, or if it decided a case differently than we have done on a set of

11  materially indistinguishable facts."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  Relief under

12  the "unreasonable application" prong is only granted where the governing law was

13  correctly identified, but was applied to the facts in an "objectively unreasonable manner."

14  *Id*.  As to § 2254(d)(2), "factual determinations by state courts are presumed correct

15  absent clear and convincing evidence to the contrary . . . , and a decision adjudicated on

16  the merits in a state court and based on a factual determination will not be overruled on

17  factual grounds unless objectively unreasonable in light of the evidence presented in the

18  state-court proceeding."  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

19                          **DISCUSSION**

20  **I.    *De Novo* Review of the Petition**

21      The Court has reviewed the record in this case, and addresses Petitioner's

22  objections in turn.

23      **A. Effective Assistance of Counsel**

24      Petitioner objects that his trial counsel was ineffective by failing to fully

25  investigate whether the victim's hyoid bone, a bone in the neck, was fractured.  He

26  contends that a full investigation would have uncovered medical experts who could have

27  refuted the testimony of Dr. James Schwendig, the trauma surgeon who treated the victim

28

1  and testified that her hyoid bone was fractured.  He also contends that a more thorough

2  investigation would have led to a more effective cross-examination of Dr. Schwendig.

3      The Court of Appeal found that Petitioner received constitutionally effective

4  representation.  The Report and Recommendation found that the Court of Appeal's

5  decision, the last reasoned decision, was not contrary to, nor an unreasonable application

6  of, clearly established federal law, and was not based on an unreasonable determination

7  of the facts in light of the evidence presented in the state court proceedings.  Having

8  conducted a *de novo* review, this Court agrees.

9      Under *Strickland v. Washington*, a petitioner must demonstrate that: (1) defense

10  counsel's performance was deficient; and (2) this deficient performance was prejudicial.

11  466 U.S. 668, 690-92 (1984).  Because of the difficulties inherent in evaluating the

12  performance of counsel after the fact, a court must indulge a strong presumption that

13  counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.* at

14  689.  On federal habeas review, this Court must take "a 'highly deferential' look at

15  counsel's performance through the 'deferential lens of § 2254(d).'"  *Cullen v. Pinholster*,

16  563 U.S. 170, 189 (2011).  "The question 'is not whether a federal court believes the state

17  court's determination' under the *Strickland* standard 'was incorrect, but whether that

18  determination was unreasonable—a substantially higher threshold."  *Knowles v.*

19  *Mirzayance*, 556 U.S. 111, 123 (2009).  "Put differently, [the court] ask[s] not 'whether

20  counsel's actions were reasonable' but whether there is any reasonable argument that

21  counsel satisfied *Strickland*'s deferential standard."  *Hibbler v. Benedetti*, 693 F.3d 1140,

22  1150 (9th Cir. 2012).  Petitioner "must show that the [state court] applied *Strickland* to

23  the facts of his case in an objectively unreasonable manner."  *Bell,* 535 U.S. at 699.

24      As explained in more detail in the R&R, in evaluating Petitioner's ineffective

25  assistance of counsel claim, the Court of Appeal determined that Petitioner's trial counsel

26  did not conduct an inadequate investigation of the hyoid bone issue.  Trial counsel spoke

27  to two medical professionals to investigate the hyoid bone injuries and may have spoken

28  to Dr. Schwendig.  Trial counsel also effectively cross-examined Dr. Schwendig, causing

1  him to admit he was unable to determine how the victim's hyoid bone was fractured, to

2  agree the fracture could have been caused by a fall, to admit he could not determine when

3  the bone had been broken, and to state that the swelling in the victim's neck was the

4  potentially life-threatening aspect of her injuries, not the broken hyoid bone.

5        The Court of Appeal also went on to explain that, even assuming arguendo that

6  trial counsel's actions fell below prevailing professional norms because she did not

7  present expert medical evidence to counter Dr. Schwendig's testimony, Petitioner could

8  not show he was prejudiced by that failure in light of the overwhelming evidence against

9  Petitioner.  The prosecution presented eyewitness testimony, testimony from the victim,

10  evidence regarding the extent of the victim's injuries from the responding paramedic and

11  treating physician, and physical evidence from the crime scenes to support the

12  convictions.  Moreover, Petitioner's own psychiatric expert admitted that Petitioner's

13  version of one of the incidents was "nonsensical."  Thus, considering the sum of

14  evidence, there is no reasonable probability that had trial counsel investigated further and

15  put on medical experts at trial to rebut Dr. Schwendig, the jury would not have returned

16  guilty verdicts.

17        Based on this record, the Court of Appeals decision was not objectively

18  unreasonable.  The court correctly rejected Petitioner's claim of ineffective assistance of

19  counsel.  Accordingly, Petitioner's objection is **OVERRULED.**

20        **B. Evidentiary Hearing**

21        Petitioner objects to the R&R's determination that an evidentiary hearing is neither

22  necessary nor warranted.  Petitioner requested an evidentiary hearing on all four of his

23  claims, but his Objection appears to be directed to the denial of an evidentiary hearing

24  regarding his trial counsel's alleged failure to investigate the hyoid bone fracture fully.

25        An evidentiary hearing is not necessary where the federal claim can be denied on

26  the basis of the state court record.  *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994).

27  And where a petitioner has failed to develop the factual basis of a claim in state court

28  proceedings, he is not entitled to an evidentiary hearing unless he shows that (1) the claim

3:14-cv-03021-BEN-KSC

1  relies on (i) a new rule of constitutional law or (ii) a factual predicate that could not have

2  been previously discovered through the exercise of due diligence, and (2) he establishes

3  by clear and convincing evidence that but for the constitutional error no reasonable jury

4  would have found him guilty.  28 U.S.C. § 2254(e)(2).

5        The Court agrees that no evidentiary hearing is necessary in this case.  As

6  discussed above, Petitioner's claim of ineffective assistance of counsel with respect to the

7  hyoid bone issue can be rejected based on the state court record.  Furthermore, Petitioner

8  has not come forward with a new rule of constitutional law or newly discovered evidence

9  and established by clear and convincing evidence that no reasonable factfinder would

10  have found him guilty.  In light of the sum of evidence discussed above and in the R&R,

11  medical testimony that the victim's hyoid bone was not fractured would not have raised a

12  reasonable doubt sufficient to undermine Petitioner's convictions.  Accordingly,

13  Petitioner's objection is **OVERRULED.**

14        **C. Error by Magistrate Judge Crawford**

15        Petitioner's third objection is not entirely clear.  Although his objection is titled as

16  an objection "to the Magistrate's failure to independently review the record pursuant to

17  Federal Habeas Corpus Rule 11," his argument addresses issues of harmless error and

18  refers to his Petition, in which he argues that the failure to have a jury determine whether

19  his prior convictions were strikes under California law was *not* harmless error.  To the

20  extent Petitioner argues that Magistrate Judge Crawford did not review the record of the

21  state court proceedings, this Court disagrees.  The R&R provides a thorough and detailed

22  analysis of the underlying proceedings.  To the extent Petitioner argues that Magistrate

23  Judge Crawford failed to determine whether any error under *Apprendi v. New Jersey*, 530

24  U.S. 466 (2000), was harmless, he misreads the R&R.  The R&R clearly states that "even

25  if there is *Apprendi* error here, federal habeas relief is not available because any error is

26  clearly harmless." (R&R at 42.)  The R&R then supplies detailed reasoning for this

27  conclusion.  Therefore, Petitioner's objection is **OVERRULED.**

28  / / /

3:14-cv-03021-BEN-KSC

**D. Self-Representation**

Petitioner objects to the trial court's denial of his mid-trial request to represent himself.  He contends that there was no finding that the Government would be prejudiced by the timing of his request and, without such a finding, the other reasons provided in denying the request were without merit and insufficient.

The Court of Appeal held that Petitioner's motion was untimely and concluded that the trial court did not abuse its discretion in denying the motion.  The Court of Appeal found that granting Petitioner's motion would cause disruption and delay the case.

The R&R concluded that the Court of Appeal's conclusion was objectively reasonable.  Clearly established federal law provides that a criminal defendant has a constitutional right to self-representation, and a State violates that right when it forces him to accept a state-appointed attorney after he knowingly and intelligently waives his Sixth Amendment right to counsel and clearly and unequivocally declares a desire to represent himself.  *Faretta v. California*, 422 U.S. 806, 819-36 (1975).  A *Faretta* request must be knowing and intelligent, unequivocal, timely, and not for purposes of delay.  *See id.* at 835; *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007).

The Court agrees that the state court's conclusion that Petitioner's request was untimely and was meant for the purpose of delay was an objectively reasonable application of clearly established law.  Petitioner's request came in the middle of trial near the close of the prosecution's case and one and one-half years after arraignment.  *See Stenson*, 504 F.3d at 879, 884-885 (affirming denial of *Faretta* request made near the end of jury selection as untimely).  Furthermore, as explained more fully in the R&R, Petitioner's request was equivocal because it was predicated on the trial court's refusals of his multiple requests to replace retained counsel.  *See id.* at 883 ("A clear preference for receiving new counsel over representing oneself . . . may . . . be an indication that the request, in light of the record as a whole, is equivocal.").  Petitioner had never before requested to represent himself, and his *Faretta* request was made only after the repeated

7

denials of his requests for new counsel. These considerations weigh against finding Petitioner's request to be unequivocal. *See id*. at 882.

Therefore, this Court finds that the Court of Appeal's rejection of Petitioner's claim is neither contrary to, nor involves an unreasonable application of, clearly established federal law, and is not based on an unreasonable determination of the facts in light of the state court record. Accordingly, Motta's objection is **OVERRULED.**

## II.      Certificate of Appealability

The Court **DENIES** a certificate of appealability because the issues are not debatable among jurists of reason and there are no questions adequate to deserve encouragement. *See Miller-El*, 537 U.S. at 327.

## III.      Conclusion

The R&R is **ADOPTED** over Petitioner's Objections. The Petition is **DENIED.** A Certificate of Appealability is **DENIED.** The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated:  July 26, 2016

Hon. Roger T. Benitez
United States District Judge